UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, <br> United States Department of Labor, <br> <br> Plaintiff, <br> <br> v. <br> <br> G. D. DINER OF NEW HAVEN, INCORPORATED, <br> ATHENIAN DINER OF MIDDLETOWN, INC., <br> ATHENIAN DINER OF MILFORD, INC., <br> ATHENIAN DINER OF WATERBURY, INC., <br> EVIDOXIA DAOUTIS, INDIVIDUALLY, GEORGE <br> DAOUTIS, INDIVIDUALLY, JOHN DAOUTIS, <br> INDIVIDUALLY, VASILIOS PAPAGIORGIOU, <br> INDIVIDUALLY and VASILIOUS PSAROFAGIS, <br> INDIVIDUALLY, <br> <br> Defendants. | CIVIL ACTION <br> <br> FILE NO. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff brings this action to enjoin the Defendants from violating the provisions of Section 6, 7, 11 and 12 of the Fair Labor Standards Act of 1938 as amended, (52 Stat. 1060, 29 U.S.C. 201), hereinafter called "the Act," to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) of the Act and to obtain civil money penalties pursuant to Section 16(e) of the Act and in accordance with 29 C.F.R. Parts 578, 579 and 580.

1. Jurisdiction of this action is conferred upon this Court by Section 17 of the Act.

2. Defendant G.D. Diner of New Haven, Inc. d/b/a Athenian Diner I ("Athenian Diner I") is, and at all times hereinafter mentioned, was an enterprise having an office and place of business at 1426 Whalley Avenue in New Haven, Connecticut, within the jurisdiction of this

Court, and is now, and at all times hereinafter mentioned was, engaged at that places of business, and elsewhere, in the operation of restaurants.

3. Defendant Athenian Diner of Middletown, Inc. d/b/a Athenian Diner II ("Athenian Diner II") is, and at all times hereinafter mentioned, was an enterprise having an office and place of business at 864 Washington Street, Middletown, Connecticut, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of restaurants.

4. Defendant Athenian Diner of Milford, LLC d/b/a Athenian Diner III ("Athenian Diner III") is, and at all times hereinafter mentioned, was an enterprise having an office and place of business at 1064 Boston Post Road, Milford, Connecticut, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that places of business, and elsewhere, in the operation of restaurants.

5. Defendant Athenian Diner of Waterbury, LLC d/b/a Athenian Diner IV ("Athenian Diner IV") is, and at all times hereinafter mentioned, was an enterprise having an office and place of business at 998 Wolcott Street, Waterbury, Connecticut, within the jurisdiction of this Court, until it ceased operations in approximately February 2010, and was engaged at that places of business, and elsewhere, in the operation of restaurants, until approximately February 2010.

6. Defendant Evidoxia Daoutis resides within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was an officer and/or owner of Athenian Diner I and Athenian Diner III, and as such was actively engaged in the day to day business affairs and operations of said enterprise. This Defendant has acted at all times material herein directly and

indirectly in the interest of said enterprise in relation to its employees and was and is therefore, an employer of said employees within the meaning of the Act.

7. Defendant George Daoutis resides within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was an officer and/or owner of Athenian Diner I, Athenian Diner II, and Athenian Diner IV and as such actively manages, supervises and directs the day to day business affairs and operations of said enterprise. This Defendant has acted at all times material herein directly and indirectly in the interest of said enterprise in relation to its employees and was and is therefore, an employer of said employees within the meaning of the Act.

8. Defendant John Daoutis resides within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was an officer and/or owner of Athenian Diner I, Athenian Diner II and Athenian Diner IV, and as such actively manages, supervises and directs the day to day business affairs and operations of said enterprise. This Defendant has acted at all times material herein directly and indirectly in the interest of said enterprise in relation to its employees and was and is therefore, an employer of said employees within the meaning of the Act.

9. Defendant Vasilios Papagiorgiou resides within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was an officer and/or owner of Athenian Diner II, and as such actively manages, supervises and directs the day to day business affairs and operations of said enterprise. This Defendant has acted at all times material herein directly and indirectly in the interest of said enterprise in relation to its employees and was and is therefore, an employer of said employees within the meaning of the Act.

10. Defendant Vasilios Psarofagis resides within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was an owner of Athenian III, and as such actively manages, supervises and directs the day to day business affairs and operations of said enterprise. This Defendant has acted at all times material herein directly and indirectly in the interest of said enterprise in relation to its employees and was and is therefore, an employer of said employees within the meaning of the Act.

11. Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business, and they are, and at all times hereinafter mentioned were an enterprise within the meaning of Section 3(r) of the Act.

12. At all times hereinafter mentioned, Defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s).

13. Defendants have repeatedly and willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by paying employees wages at rates less than the applicable minimum wage.

14. Defendants have repeatedly and willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours in said

4

workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

15. Defendants have repeatedly and willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

16. Defendants, since on or about November 12, 2006, at the Athenian Diner II location only, has repeatedly and willfully violated the provisions of Sections 12 and 15(a)(4) of the Act by employing oppressive child labor in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act.

17. Defendants employed oppressive child labor in that Defendants employed minors then under 18 years of age in an occupation involving the operation of the power driven Hobart meat slicer and the power driven Hobart buffalo chopper, which was not a permitted occupation for such minors, and which the Secretary has found to be particularly hazardous for the employment of such persons, in violation of regulations duly issued pursuant to the Act and published in the Federal Register and known as 29 CFR 570.61 (Subpart D) (Child Labor Reg. 3) of Hazardous Occupations Order #10.)

18. During the period since November 12, 2006, Defendants have repeatedly violated the aforesaid provisions of the Act as alleged, and a judgment enjoining such violations is expressly authorized by Section 17 of the Act.

5

19.     By notice dated April 14, 2010, pursuant to Section 16(e) of the Act, and in accordance with 29 C.F.R. Parts 578, 579 and 580, civil money penalties totaling $53,680 were assessed against Defendants as a result of child labor violations (section 12) and repeated or willful violations of the minimum wage (section 6) or overtime (section 7) provisions of the Act. Defendants did not file an exception to the civil money penalties assessed and have not contested the appropriateness or reasonableness of the penalties, as provided by 29 C.F.R. 578, 579 and 580.

WHEREFORE, cause having been shown, plaintiff prays judgment permanently enjoining and restraining Defendants, their agents, servants, employees and those persons in active concert or participation with them, or acting in their interest and behalf, from violating Sections 15(a)(2) and 15(a)(5) of the Act as well as Sections 6, 7, 11 and 12 of the Act, and for such other and further relief as may be necessary or appropriate, including the restraint of any withholding of compensation found by the court to be due under the Act to employees, civil money penalties and costs.

Dated:  March 26, 2012

M. Patricia Smith
Solicitor of Labor

Michael D. Felsen
Regional Solicitor

Post Office Address:
U.S. Department of Labor
Office of the Regional Solicitor
JFK Federal Building - Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

*/s/ Kelly Lawson*
Kelly M. Lawson
Senior Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff