UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
************************************
HILDA L. SOLIS, SECRETARY OF LABOR,    *
  United States Department of Labor,   *
                                       *
                    Plaintiff,         *
                                       *    CIVIL ACTION
           v.                          *
                                       *    FILE NO.
G. D. DINER OF NEW HAVEN, INCORPORATED,*
ATHENIAN DINER OF MIDDLETOWN, INC.,    *
ATHENIAN DINER OF MILFORD, INC.,       *
ATHENIAN DINER OF WATERBURY, INC.,     *
EVIDOXIA DAOUTIS, INDIVIDUALLY, GEORGE *
DAOUTIS, INDIVIDUALLY, JOHN DAOUTIS,   *
INDIVIDUALLY, VASILIOS PAPAGIORGIOU,   *
INDIVIDUALLY and VASILIOUS PSAROFAGIS, *
INDIVIDUALLY,                          *
                                       *
                    Defendants.        *
************************************
```

## CONSENT JUDGMENT

Plaintiff having filed a complaint and the Defendants having appeared by counsel, received a copy thereof, waived service of process and, without admitting liability, agreed to the entry of this judgment without contest.

It is therefore, ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants, employees and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 U.S.C. § 201 et seq.), hereinafter referred to as the Act, in any of the following manners:

The Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, pay any employees who in any workweek are engaged in commerce or in the production of goods for

commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, wages at rates less than the applicable minimum wage.

Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for work weeks longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not fail to make, keep and preserve records of employees and of the wages, hours and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 C.F.R. 516.

Defendants shall not, contrary to the provisions of Section 12(c) and 15(a)(4) of the Act, employ any oppressive child labor within the meaning of Section 3(l) of the Act.

By notices dated April 14, 2010, pursuant to Section 16(e) of the Act, and in accordance with 29 C.F.R. Parts 578, 579 and 580, civil money penalties totaling $53,680.00 were assessed by Plaintiff against Defendants as a result of as a result of child labor violations (section 12) and repeated or willful violations of the minimum wage (section 6) or overtime (section 7) provisions of the Act. Defendants did not file an exception to the assessed civil money penalties pursuant to 29 U.S.C. 216(e) and 29 C.F.R. 580.6.

Further, the Court finding as agreed to by the Defendants, but without admitting liability, that employees are due compensation in the amount of $318,561.17 in back wages as shown on

2

the attached Exhibit A, which is incorporated in and made a part hereof, and that Defendants owe civil money penalties totaling $53,680.00, it is

ORDERED, ADJUDGED and DECREED that the Defendants are restrained from withholding payment of the back wages and civil money penalties detailed above.

The Defendants represent that they have been in compliance with the Act since July 30, 2010. In resolving the amount of back wages and civil money penalties due in this judgment, the Plaintiff has relied on this representation, and accordingly, the back wage and civil money penalties provision of this judgment shall have no effect upon any back wages and civil money penalties which may have accrued since that date.

The back wage provision of this Judgment shall be deemed satisfied when the Defendants deliver to the Plaintiff gross checks on a monthly basis in accordance with the attached Exhibit B. The Plaintiff will distribute back wages to all employees, in accordance with the schedule and amount listed in the attached Exhibit C. The total gross amount of back wages paid by the Defendants shall be $318,561.17 plus interest at an annual rate of 1% ("the "Interest") except that no Interest shall be due with regard to the back wages owed to the employees of Athenian Diner of Milford, LLC d/b/a Athenian Diner III ("Milford") provided the back wages are paid no later than 30 days from the execution of this Consent Judgment. Each check shall be made payable to "**Wage & Hour Division – Labor**", should include case numbers on them (No. 1546703 for G.D. Diner of New Haven, Inc. d/b/a Athenian Diner I ("New Haven"); No. 1536877 for Athenian Diner of Middletown, Inc. d/b/a/ Athenian Diner II ("Middletown"); No. 1546725 for Milford; and No. 1546733 for Athenian Diner of Waterbury, LLC d/b/a Athenian Diner IV ("Waterbury")) and state they are for either back wages or Civil Money Penalties. The Defendants shall deliver monthly checks to Plaintiff at: U.S. Department of Labor, Wage &

3

Hour Division, Northeast Regional Office, Curtis Center, Suite 850 West, 170 South Independence Mall West, Philadelphia, PA 19106-3317, in the manner specified on the attached Exhibit B, which is incorporated in and made a part hereof. The Wage & Hour Division shall deliver to the employees the sums listed on Exhibit A in accordance with the schedule and amounts listed in the attached Exhibit C.

When recovered wages have not been claimed by the employee within three (3) years, the Secretary of Labor shall deposit such money with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041.

Defendants shall not, under any circumstances, accept and keep any amount returned to them by a person owed compensation under this Judgment. Any such amount shall be immediately paid to the Plaintiff as above.

The civil money penalties provision of this Judgment shall be deemed satisfied when the Defendants pay civil money penalties totaling $53,680.00 plus Interest, except that no Interest shall be due with regard to the CMPs related to Milford provided the CMPs are paid no later than 30 days from the execution of this Consent Judgment, to **"Wage & Hour Division – Labor"** via a certified check or money order hand delivered or mailed to the Wage and Hour Division, U.S. Department of Labor, Northeast Regional Office, Curtis Center, Suite 850 West, 170 South Independence Mall West, Philadelphia, PA 19106-3317. The civil money penalties shall be paid in the manner specified in Exhibit B.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

By      /s/
United States District Judge
Vanessa L. Bryant

4

Dated: March 27, 2012.

**For the Secretary of Labor:**

M. Patricia Smith
Solicitor of Labor

Michael D. Felsen
Regional Solicitor

_____          3/23/12
Kelly M. Lawson, Esq.                   Dated
Office of the Solicitor
U.S. Department of Labor
JFK Federal Building
Rm. E-375
Boston, MA 02203
(617) 565-2500

**For G.D. Diner of New Haven, Inc. d/b/a Athenian Diner I:**

_____          3/16/12
William M. Raccio, Esq.                 Dated
Law Offices of William M. Raccio, LLC
41 Trumbull Street
New Haven, CT 06510
(203) 772-1234

**For Athenian Diner of Middletown, Inc. d/b/a Athenian Diner II:**

_____          3/16/12
William M. Raccio, Esq.                 Dated
Law Offices of William M. Raccio, LLC
41 Trumbull Street
New Haven, CT 06510
(203) 772-1234

**For Athenian Diner of Milford, LLC d/b/a Athenian Diner III:**

5

_____      3/16/12
William M. Raccio, Esq.           Dated
Law Offices of William M. Raccio, LLC
41 Trumbull Street
New Haven, CT 06510
(203) 772-1234

**For Athenian Diner of Waterbury, LLC d/b/a Athenian Diner IV:**

_____      3/16/12
William M. Raccio, Esq.           Dated
Law Offices of William M. Raccio, LLC
41 Trumbull Street
New Haven, CT 06510
(203) 772-1234

**For Evidoxia Daoutis:**

_____      3/16/12
William M. Raccio, Esq.           Dated
Law Offices of William M. Raccio, LLC
41 Trumbull Street
New Haven, CT 06510
(203) 772-1234

**For George Daoutis:**

_____      3/16/12
William M. Raccio, Esq.           Dated
Law Offices of William M. Raccio, LLC
41 Trumbull Street
New Haven, CT 06510
(203) 772-1234

6

**For John Daoutis:**

_____  
William M. Raccio, Esq.  
Law Offices of William M. Raccio, LLC  
41 Trumbull Street  
New Haven, CT 06510  
(203) 772-1234

3/16/12  
Dated

**For Vasilios Papagiorgiou:**

_____  
William M. Raccio, Esq.  
Law Offices of William M. Raccio, LLC  
41 Trumbull Street  
New Haven, CT 06510  
(203) 772-1234

3/16/12  
Dated

**For Vasilios Psarofagis:**

_____  
William M. Raccio, Esq.  
Law Offices of William M. Raccio, LLC  
41 Trumbull Street  
New Haven, CT 06510  
(203) 772-1234

3/16/12  
Dated

7